UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WHITE,                              )
                    Plaintiff,             )
                                           )        No. 1:12-cv-835
-v-                                        )
                                           )        HONORABLE PAUL L. MALONEY
COMMISSIONER OF SOCIAL SECURITY,           )
                    Defendant.             )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION AND AFFIRMING COMMISSIONER'S DECISION

Plaintiff Robert White filed an appeal seeking review of the final decision of the Commissioner of Social Security in which the Commissioner denied White's claim for Supplemental Security Income. The magistrate judge issued a report recommending the Commissioner's decision be affirmed. (ECF No. 18.) White filed objections. (ECF No. 19.)

## LEGAL FRAMEWORK

After being served with a Report and Recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *see United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"); *Howard*, 932 F.2d at

509.  The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## ANALYSIS

White identifies two objections to the report and recommendation.  Having reviewed the record, including the report and recommendation and objections, the Court finds the magistrate judge's report accurately summarizes the relevant facts and correctly applies the law.

First, the Administrative Law Judge (ALJ) did not wrongly reject the medical opinion of White's treating physician.  In the objection, White insists that Dr. Welton relied upon objective medical testing to reach the opinion that White suffered neuropathy and chronic low back pain.  White's objection does not fairly characterize the ALJ's decision.  The ALJ identified several reasons to discount Dr. Welton's recommendation, only one of which was a lack of objective medical evidence.  The ALJ concluded that White's back impairment was established by acceptable medical testing and clinical findings and imposed more than a minimal limitation on White's ability to perform work-related activities.  (ECF No. 8-2 "Decision" 3 PgID 40.)  The ALJ noted that Dr. Welton attributed White's lower back pain to a vitamin deficiency.  (*Id.* 6 PgID 43; ECF No. 9-3 "Welton Letter" PgID 326.)  The ALJ, however, concluded that the intensity, persistence, and limiting effects of the symptoms were not credible.  (*Id.* 4-5 PgID 41-42.)  The vitamin deficiency may be objectively verifiable, but the neuropathy and lower back pain have not been verified by any objective medical tests.  The ALJ found White to be less than credible.  (*Id.* 6 PgID 43.)  Because Dr. Welton made his recommendations based on White's subjective complaints, the ALJ found no credible support for Dr. Welton's recommendations.  (*Id.*; Welton Letter.)

Second, the ALJ did not err by failing to perform a function-by-function assessment of

White's ability to work. White contends SSR 96-8p requires the ALJ to perform a function-by-function assessment of White's physical limitations as they relate to his ability to work. In *Delgado v. Comm'r of Soc. Sec.*, 30 F.App'x 542, 547-48 (6th Cir. 2002), the Sixth Circuit rejected this same argument. SSR 96-8p does not require an ALJ to either decide or discuss uncontested issues. *Id.* at 548. The ALJ need only "'articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record.'" *Id.* (quoting *Bencivengo v. Comm'r Soc. Sec.*, 251 F.3d 153 (3d Cir. Dec. 19, 2000) (unpublished table opinion)).

More specifically, White argues that the ALJ concluded only that White could perform "light work," without explaining what constitutes "light work." White reasons the ALJ failed to discuss any exertional factors, despite finding that White had several severe impairments. But the ALJ did discuss whether the impairments resulted in White's ability to perform work. The ALJ noted that Dr. Welton did not identify any exertional limitations relating to White's emphysema (Decision 5 PgID 42), or White's leg injury (*id.* 5-6 PgID 42-43). As explained above, the ALJ discounted the claimed exertional limitations due to White's back problems. The phrase "light work" is defined in the regulations. *See* 20 C.F.R. § 404.1567(b). The Court agrees with the magistrate judge's conclusion that the "ALJ discussed at length the incredibly scant evidence in the record and how such supported his RFC determination." (R&R 11 PgID 402). Accordingly, the ALJ did not violate the requirements of SSR 96-8p.

For these reasons, the Report and Recommendation (ECF No. 18) is **ADOPTED**, over objections, as the opinion of this Court. The ALJ's decision denying benefits is **AFFIRMED.**


Date:    January 3, 2014                              /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      Chief United States District Judge